

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00380-CV

**MARY MELINDA BARNES,**

                                                        **Appellant**

 **v.**

**NAVARRO HOSPITAL, LP., NAVARRO REGIONAL, LLC., D/B/A NAVREG, LLC., AND CHS/COMMUNITY HEALTH SYSTEMS, INC.,**

                                                        **Appellees**

**From the 13th District Court
Navarro County, Texas
Trial Court No. 11-20865**

## MEMORANDUM OPINION

On October 15, 2012, Appellant Mary Melinda Barnes filed in the trial court her notice of appeal, which states: "Notice is hereby given that Mary Melinda Barnes intends to appeal to the 10th Court of Appeals from the Final Judgment of this Court granting Defendant's Chapter 74 Motion to Dismiss, entered on the 17th day of September, 2012." Appellees Navarro Hospital, L.P. and Navarro Regional, LLC

subsequently filed a motion to abate, stating that a final judgment had yet to be entered in this case. Appellees supported their motion by attaching a September 17, 2012 letter from the trial court to the parties in which the court granted the Appellees' Motion to Dismiss but then specifically stated that it "will set another date for evidence to be received on attorney's fees and costs or affidavits regarding attorney's fees and costs would be acceptable if agreed to by the parties." Appellees thus requested that this appeal be abated until the trial court had an opportunity to dispose of their request for attorney's fees.

We have no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West Supp. 2012). And none of the exceptions to the rule that only final judgments can be appealed apply in this case.[1] *See id.* § 51.014 (West Supp. 2012) (listing interlocutory orders that may be appealed before final judgment is rendered in the case).

On November 28, 2012, Appellees' motion to abate was thus dismissed, and the Clerk of this Court notified Appellant that this appeal is subject to dismissal for want of jurisdiction unless, within twenty-one days from the date of the letter, a response was filed showing grounds for continuing the appeal. *See Perry v. Bradley*, No. 10-10-00402-CV, 2011 WL 6415135, at *2 (Tex. App.—Waco Dec. 21, 2011, no pet.) (mem. op.) ("[A]n interlocutory appeal does not lie from an interlocutory order *granting* a motion to

---

[1] Appellant's notice of appeal does not include that she is appealing the trial court's October 1, 2012 order granting CHS/Community Health Systems, Inc.'s special appearance and motion to dismiss for lack of personal jurisdiction.

dismiss under subsection 74.351(b) when the plaintiff has served 'no report' as to a defendant."). By letter dated December 19, 2012, Appellant acknowledges that the amount of attorney's fees remains an outstanding issue, yet she requests that the case remain on the docket and stayed until the amount of attorney's fees are determined by the trial court. Appellant has also filed a "Motion to Abate Appeal and to Extend Time," requesting that this appeal be abated for ninety days to allow her to pursue discovery on the amount of attorney's fees and to allow for a modified order to be submitted along with a supplemental record. In the alternative, Appellant also requests that a dismissal be without prejudice so that once attorney's fees are determined and a final order is entered, Appellant may re-file her notice of appeal and seek appellate relief.

Because neither Appellant's letter nor her motion show grounds for continuing this appeal, the appeal is dismissed without prejudice to the filing of a timely notice of appeal when the trial court has signed a final judgment. *See* TEX. R. APP. P. 42.3(a). Likewise, we dismiss Appellant's motion to abate appeal and to extend time.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 31, 2013
[CV06]